# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JESUS MARCIANO CRUZ-ZARATE,<br><br>　　　　　Defendant. | Case No. 18-mj-08950-PCL-BAS-1<br><br>**ORDER AFFIRMING THE MAGISTRATE JUDGE'S SENTENCE**<br><br>**(ECF No. 6.)** |

## I.　INTRODUCTION

On May 14, 2018, Defendant illegally entered the United States. *See United States v. Cruz-Zarate*, No. 2:18-mj-08755-PCL (S.D. Cal. filed May 14, 2018). On May 31, 2018, he pled guilty to violating 8 U.S.C. § 1325. (Transcript of May 31, 2018 Guilty Plea and Sentencing in Case No. 2:18-mj-8755 ("Transcript #1"), ECF No. 17-1.) The Magistrate Judge sentenced Defendant to a time served sentence, but told him this was his "one bite at the apple" and that if he came back in front of the Judge again, the Judge would sentence him to six months in custody. (*Id.* at 9:10-11, 13.)

Four days later, Defendant reentered the United States illegally. (ECF No. 1.) On June 19, 2018, he pled guilty again, in front of the same Magistrate Judge, to violating 8 U.S.C. § 1325. (ECF No. 5.) The Magistrate Judge sentenced Defendant to six months in custody, commenting: "I don't enjoy doing this. But, sir, you were just here in court just on May 31st. We went through the same thing." (Transcript of June 19, 2018 Guilty Plea and Sentencing ("Transcript #2") at 36:1-3, ECF No. 16.) The Judge noted that Defendant committed the instant offense just four days after he received a time served sentence and that he "knew the consequences of coming back[.]" (*Id.* at 34:12-18.)

This appeal of the sentence ensued. (ECF No. 6.)

## II. STANDARD OF REVIEW

The appeal is timely, and this Court has jurisdiction. *See* Fed. R. App. P. 58(g)(2)(B); 18 U.S.C. § 3402. The court "conduct[s] a two-step analysis when reviewing the reasonableness of a sentence: [it] first consider[s] whether the [sentencing] court committed significant procedural error, then [it] consider[s] the substantive reasonableness of the sentence." *United States v. Apodaca*, 641 F.3d 1077, 1080 (9th Cir. 2011) (quotations omitted). Defendant does not claim the Magistrate Judge committed procedural error.

Rather, he challenges the substantive reasonableness of his sentence, which is reviewed for an abuse of discretion.[1] *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008). "The weight to be given the various factors in a particular case is for the discretion of the [sentencing] court." *United States v. Gutierrez-Sanchez,* 587 F.3d 904, 908 (9th Cir. 2009).

In determining whether a judge's sentence is reasonable, the court must assess whether "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069,

---

[1] The Sentencing Guidelines do not apply because Defendant was charged with a Class B misdemeanor. *See* U.S.S.G. § 1B1.9.

1089 (9th Cir. 2012) (en banc) (citation omitted). "[S]ignificant deference" is owed to the sentencing judge—unreasonable sentences are rare. *Id.* at 1086-87. The sentencing judge's sentence is not substantively unreasonable simply because the reviewing court would have sentenced the defendant differently. *Id.* at 1086. Rather, the reviewing court may reverse only if it has "a definite and firm conviction that the [sentencing] court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *Id.* at 1087.

## III. ANALYSIS

"The overarching statutory charge for a sentencing court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *United States v. Carly*, 520 F.3d 984, 991 (9th Cir. 2009) (citing 18 U.S.C. § 3553 (a), (a)(2)). The sentencing judge should consider: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; and (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

In this case, the Magistrate Judge listened to and rejected defense counsel's argument that Defendant reentered the United States for the second time because he had lost his cell phone "and I believe he lost his identification" when he fled from the Border Patrol during the first illegal entry. (Transcript #2 at 32:13-16; 35:2.) Instead, the Magistrate Judge found it more significant that the original time served sentence was apparently insufficient to promote respect for the law and to afford adequate deterrence to Defendant's repeated illegal reentry. The Magistrate Judge exercised his discretion in deciding that promoting respect for the law and affording adequate deterrence were particularly significant in these circumstances. This Court

cannot find that the Magistrate Judge "committed a clear error of judgment in the conclusion [he] reached upon weighing the relevant factors." *See Ressam*, 679 F.3d at 1087 (citation omitted).

Defendant argues that the Magistrate Judge failed to avoid unwarranted sentencing disparities when the other defendants being sentenced at the same time for the same offense received lesser sentences. Although defense counsel attributes this to the Magistrate Judge's "policy" of sentencing a defendant who appears in front of him a second time to the maximum possible sentence, the Magistrate Judge denied that he had such a policy. Instead, he pointed out that this Defendant's situation was particularly egregious because the Magistrate Judge had warned Defendant that he would be sentenced to six months in custody if he returned illegally, and yet he returned four days after that warning. (Transcript #2 at 34:12-13, 16-17 ("It's not a policy. It's he just came back—I mean, May 31st to today, it's not very long . . . . he knew the consequences of coming back to the United States.").) None of the other individuals being sentenced by the Magistrate Judge at the same time as this Defendant had that particularly egregious factor. Thus, the disparity between the sentences was warranted and based on an appropriate factor. *See, e.g.*, *United States v. Chavez-Botello*, 905 F.2d 279, 281 (9th Cir. 1990) ("[R]elapse into the same criminal behavior demonstrates [a] lack of recognition of the gravity of [the] original wrong, entails greater culpability for the offense with which he is currently charged, and suggests an increased likelihood that the offense will be repeated again.") (citation omitted)); *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011) (providing the "risk of recidivism" is a factor the court can consider in sentencing a defendant under 18 U.S.C. § 3553(a)).

//
//
//
//

## IV. CONCLUSION

The six month sentence imposed by the Magistrate Judge was not substantively unreasonable, nor did it demonstrate unwarranted disparity between defendants similarly situated. Hence, the sentence is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED: August 14, 2018

Hon. Cynthia Bashant
United States District Judge